UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY VAN ASSCHE,

        Plaintiff,

Case No. 13-10487

Honorable John Corbett O'Meara

v.

GREEN TREE SERVICING, L.L.C., *et. al.*,

        Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MARCH 11, 2013 MOTION TO REMAND

This matter came before the court on plaintiff Jeffrey Van Assche's March 11, 2013 motion to remand. Defendants filed a response March 21, 2013; and Plaintiff filed a reply April 1, 2013. Oral argument was heard June 13, 2013.

In this mortgage foreclosure case, defendant Green Tree removed the action to this court two days after it had been filed in state court. In his motion to remand, Plaintiff makes the following claims: 1) Green Tree failed to file all process, pleadings, and orders filed in the state court case; 2) Defendants violated the rule of unanimity when not all defendants joined in or consented to the removal; 3) Defendants failed to establish diversity of citizenship; and 4) after Plaintiff filed an amended complaint that omitted any claim arising under federal law, the court does not have federal subject matter jurisdiction.

Although Defendants argue that Plaintiff's motion to remand was filed more than 30 days after notice of removal, pursuant to Rule 6(d) of the Federal Rules of Civil Procedure, Plaintiff was allowed an additional three days for mailing. Therefore, Plaintiff's motion to remand was timely filed.

## LAW AND ANALYSIS

In their response brief, Defendants did not address their failure to file all process, pleadings, and orders filed in the state court case; however, because the case was removed only two days after it was filed in state court, some of the pleadings may not have been available to the removing defendant. Therefore, the court will not grant the motion to remand on that basis.

It is true that defendants Unknown Trustee and Unknown Trust did not initially join in the removal; however, this defect was cured when both of them consented to the removal March 15, 2013. Furthermore, the Federal Rules of Civil Procedure are not as strict regarding unanimity as they once were. Defendants who do not initially join in removal may do so after they are served–even if it is beyond the original 30 day statute of limitations. See Klein v. Manor Healthcare Corp., 19 F.3d 1433 (6th Cir. 1994).

Plaintiff also asserts that the removal notice failed to state the citizenship of each defendant. Defendants did assert that Plaintiff is a Michigan citizen and that defendant Green Tree is a citizen of Delaware, Maryland, Florida, and Minnesota. Ex. A, ¶ 9. Since the other defendants are Unknown Trust and Unknown Trustee, defendant Green Tree was not able to state the citizenship of each of them.

Finally, Plaintiff contends that because it filed an amended complaint that omitted any claim based on federal law, this court lacks federal subject matter jurisdiction. Again, however, the parties to this action are diverse, and the amount in controversy is in excess of $75,000.

## ORDER

It is hereby **ORDERED** that plaintiff Van Assche's March 11, 2013 motion to remand is **DENIED.**

It is further **ORDERED** that Plaintiff shall file a response to Defendants' March 11, 2013 Amended Motion to Dismiss within 21 days of this order.

It is further **ORDERED** that Plaintiff's April 1, 2013 motion to stay is **DENIED AS MOOT.**

                                                s/John Corbett O'Meara
                                                United States District Judge

Date: June 19, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, June 19, 2013, using the ECF system.

                                                s/William Barkholz
                                                Case Manager